# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1078 | **DATE** | April 9, 2008 |
| **CASE TITLE** | Nathaniel Brown (#2007-0050795) v. Nery Mangual, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. This action is dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim. The Court orders the trust fund officer at Cook County Jail to deduct $ 25.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee and to make further deductions as stated below. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. §

■ [For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

     Plaintiff, Nathaniel Brown, an inmate at the Cook County Department of Corrections, brings this *pro se* complaint pursuant to 42 U.S.C. §1983. The Court finds that Plaintiff is unable to prepay the filing fee. The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $25.00 pursuant to 28 U.S.C. §1915(b)(1). The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to a state correctional facility.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

Plaintiff alleges that on September 19, 2006, defendant Nery Mangual, the landlord of a building, illegally stopped and detained him. Mangual threatened Plaintiff with a machete, holding him until the police arrived. Mangual then gave a false statement to defendant Unknown Chicago Police Detective, accusing Plaintiff of residential burglary. Plaintiff was wrongfully arrested. Eight months later, he was acquitted by a jury. Plaintiff also alleges that defendant Unknown Chicago Police Detective filed a false police report and gave false testimony to a Grand Jury. Plaintiff seeks money damages.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held:
[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus.

Because Plaintiff claims he was acquitted of all charges, *Heck* does not apply to bar his claims. Nonetheless, Plaintiff may not bring an action under § 1983 against the complainant, Nery Mangual. Even providing false information to the police in a complaint is insufficient to establish § 1983 liability against the complainant. *Frazier v. Board of Educ. of City of Chicago*, 2003 WL 21510328*2 (N.D.Ill. 2003) (Zagel, J.), *citing Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 326 (7th Cir. 1978) (citations omitted) ( "It is well settled in Illinois that 'giving information to police in itself is insufficient to constitute participation in an arrest.'"). *See also Johnson v. Miller*, 680 F.2d 39, 40-41 (7th Cir. 1982); *Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975).

The existence of probable cause is an absolute bar to a § 1983 claim for false arrest. *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985); *Woods v. Willingham*, 1995 WL 225721, *4 (N.D.Ill.1995). The complaint of a private citizen provides the arresting officer with probable cause for arrest. *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999) ("Consequently, 'as long as a reasonably credible witness or victim informs the police that someone has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest, and their actions will be cloaked with qualified immunity if the arrestee is later found innocent'"). Thus, Plaintiff's § 1983 claim for false arrest against defendant Unknown Chicago Police Detective must fail.

Witnesses are accorded absolute immunity from a suit under § 1983 even if their testimony at trial is false. *Briscoe v. LaHue*, 460 U.S. 325 (1983). The Seventh Circuit has extended this immunity for witnesses to pretrial proceedings. *See Kincaid v. Eberle*, 712 F.2d 1023 (7th Cir. 1983). Any claim Plaintiff may be making against either the complainant or the police officer regarding any statements or testimony they may have given in trial and proceedings before the Grand Jury is not actionable under § 1983.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).